```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
                                                      :
NATIONWIDE JUDGMENT RECOVERY,                         :
INC.,                                                 :        20-MC-603 (VSB)
                                                      :
                        Plaintiff,                    :        **OPINION & ORDER**
                                                      :
                -against-                             :
                                                      :
YUNG MAN CHAN,                                        :
                                                      :
                        Defendant.                    :
------------------------------------------------------X
```

Alan C. Hochheiser
Maurice Wutscher LLP
Beachwood, OH

Jeffrey M. Parella
Jeffrey M. Parella, Esq.
Kinnelon, NJ
*Counsel for Plaintiff*

Jacob Yiping Chen
DGW Kramer LLP
New York, NY
*Counsel for Defendant*

VERNON S. BRODERICK, United States District Judge:

Before me is a motion made by Defendant Yung Man Chan ("Defendant") pursuant to Fed. R. Civ. P. 60(b) for relief from a judgment entered against her by the United States District Court for the Western District of North Carolina and registered here. For the reasons stated herein, I find that it is most appropriate to transfer the matter to the Western District of North Carolina, where the judgment was entered.

## I. Background[1]

On November 30, 2020, Plaintiff registered a judgment (the "Judgment") that was entered by Judge Graham C. Mullen in the United States District Court for the Western District of North Carolina. (Doc. 1.) The Judgment was entered pursuant to a motion for summary judgment that was granted in a case action involving a pyramid scheme operated by ZeekRewards. (Doc. 6 at 1.) On December 18, 2020, Plaintiff filed a proposed abstract of judgment, (Doc. 3), and on December 21, 2020, an abstract of judgment was issued in favor of Plaintiff and against Defendant in this District.

No further action occurred in this matter until two and a half years later, when on June 19, 2023, Defendant filed a proposed order to show cause with emergency relief in which she sought to vacate the Judgment pursuant to Fed. R. Civ. P. 60(b)(6). (Doc. 4.) The following day, Defendant filed a declaration, (Doc. 5), and a memorandum of law in support of her order to show cause, (Doc. 6, the "Motion"). In the Motion, Defendant claimed that she was not involved in the ZeekRewards pyramid scheme and the Judgment against her should be vacated because she was the victim of identity theft. (*Id.*) On June 21, 2023, I entered an order to show cause for the motion to vacate judgment and directed the parties to appear for a hearing (the "Hearing") on June 29, 2023. (Doc. 8.) After holding the Hearing on June 29, 2023, I entered an order the following day directing the parties to "submit letter briefing on the issue of whether this matter should be transferred to the Western District of North Carolina." (Doc. 15.) On July 17, 2023, Plaintiff filed its letter brief. (Doc. 16.) In its brief, Plaintiff asserts that Defendant's Motion should be denied "because it was not timely filed and because the Western District of North

---

[1] I make no findings of fact in this section, but merely provide the history of this action for background purposes and to provide context.

Carolina is the proper venue to determine Defendant's Motion." (*Id.* at 1.) On July 27, 2023, Defendant filed her letter brief in opposition. (Doc. 17.) On August 4, 2023, Plaintiff filed its reply. (Doc. 18.)

## II. Discussion

### A. *Applicable Law*

Section 1404(a) allows a district court to transfer an action to any other district court where venue is proper, "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). Absent consent, "[a] motion to transfer venue requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of parties and witnesses, and the interest of justice, a transfer is appropriate." *Fuji Photo Film Co. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (internal quotation marks omitted); *accord Wiwa v. Royal Dutch Petroleum Co.*, 226 F.3d 88, 100 (2d Cir. 2000); *Rush v. Fischer*, 923 F. Supp. 2d 545, 554 (S.D.N.Y. 2013). An action "might have been brought" in the transferee forum if subject matter jurisdiction, personal jurisdiction, and venue would have been proper in the transferee court at the time of filing. *ESPN, Inc. v. Quiksilver, Inc.*, 581 F. Supp. 2d 542, 547 (S.D.N.Y. 2008); *see also Posven, C.A. v. Liberty Mut. Ins.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004).

After deciding that the action to be transferred might have been brought in the transferee court, the court must ask whether a transfer is appropriate. With regard to the second part of the transfer inquiry, factors to be considered include: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative

means of the parties." *N.Y. Marine & Gen. Ins. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (internal quotation marks omitted); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006). The analysis may incorporate "various public-interest considerations," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest in having the trial of a diversity case in a forum that is at home with the law." *Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013) (internal quotation marks and alterations omitted).

B.    *Application*

The motion to vacate the Judgment could have been brought in the Western District of North Carolina. Similarly, venue is proper in the Western District of North Carolina. A plaintiff may bring a civil action, among other places, in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Here, the Judgment was entered in the Western District of North Carolina, where a substantial amount of litigation related to this matter and other related cases were litigated.

The first step in the inquiry having been satisfied, I move to the second step, and find that transfer to the Western District of North Carolina is "in the interest of justice." Admittedly, some factors support allowing this case to proceed in the Southern District of New York. For example, Defendant resides in New York and there may be witnesses who do as well. Defendant also raised certain issues during the Hearing and again in her motion, such as the expense Defendant would incur in finding an attorney in North Carolina,[2] and the possible challenges of finding a Mandarin Chinese interpreter in North Carolina. (*See* Doc. 17.)

---

[2] The burden of finding a new attorney in North Carolina may be offset by the significantly lower average hourly billing rates charged by attorneys in North Carolina ($254) as compared to those charged by attorneys in New York ($358). *See* Clio, Legal Trends Report 2023, at 105, https://www.clio.com/wp-uploads/2023/08/2023-LegalTrends-Report.pdf.

However, "[d]istrict courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co.*, 462 F.3d at 106. Moreover, in applying the aforementioned factors, "each factor need not be afforded equal weight, and other factors may be considered." *See Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 11 F. Supp. 2d 729, 730 (S.D.N.Y. 1998) (internal quotation marks omitted). "Although Rule 60(b) does not specify the correct forum for presenting a motion for relief from judgment, the motion is generally brought in the district court rendering judgment." *Covington Indus., Inc. v. Resintex A.G.*, 629 F.2d 730, 733 (2d Cir.1980); *see also Fifth Third Bank v. Mytelka*, No. 05-MC-52 (DLI), 2008 WL 3852170, at *2 (E.D.N.Y. Aug. 16, 2008) ("Generally, relief from judgment under Rule 60(b) is obtained by motion in the court that rendered the judgment." (internal quotation marks omitted)).

I do not find that it is in the interest of justice for this action to continue in the Southern District of New York. Although there are factors that weigh in favor of maintaining the matter in this District, they do not outweigh the benefit of having the Judgment reviewed by the Court that issued it. Other courts reviewing motions to vacate judgments entered in the same underlying action have agreed. *See Nationwide Judgment Recovery, Inc. v. Song*, No. 21MC00114P1JGKOTW, 2022 WL 2441020, at *1 (S.D.N.Y. July 5, 2022) (transferring a case challenging a judgment to the Western District of North Carolina); *Bell v. Woods*, No. 5:20-MC-10-JSM-PRL, 2022 WL 428440, at *4 (M.D. Fla. Jan. 7, 2022), *R&R adopted*, 2022 WL 425719 (M.D. Fla. Feb. 11, 2022) (same). Unlike me, Judge Mullen has deep familiarity with this case. Allowing the District Court for the Western District of North Carolina to resolve this motion conserves judicial resources. Under the circumstances presented here, I conclude that this action

belongs in the Western District of North Carolina.[3]

### III. Conclusion

For the reasons stated herein, it is hereby

ORDERED that this matter be transferred to the Western District of North Carolina, with a recommendation that the case be referred to Judge Graham C. Mullen as related to *Bell v. Disner et al.*, No. 3:14-cv-00091-GCM (W.D.N.C.).

The Clerk of Court is directed to terminate the open motions and to transfer the case forthwith to the Western District of North Carolina, Charlotte Division. To minimize any delay, I waive the seven-day waiting period set forth in Local Rule 83.1.

SO ORDERED.

Dated: January 2, 2024
New York, New York

*[signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge

---

[3] Because I find that the matter is to be transferred, I need not address Plaintiff's argument that the motion is untimely. (*See* Doc. 16 at 2.)